UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN T. CARLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:22-cv-00308-JAW |
| v. | ) | |
| | ) | |
| RANDALL LIBERTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AFFIRMING
## RECOMMENDED DECISION

The United States Magistrate Judge filed with the Court on June 8, 2023, his Recommended Decision. *Recommended Decision on Mot. to Reopen* (ECF No. 15). The Magistrate Judge recommended that this Court deny the Plaintiff's motion to reopen the case because the "Plaintiff does not assert facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief . . . [i]n fact Plaintiff offers no explanation in support of his request to reopen . . . [and] therefore, has failed to demonstrate that the reopening of his case is warranted." *Id.* at 2.

On June 13, 2023, Ryan Carleton filed his objection. *Obj. to Report and Recommended Decision* (ECF No. 16). In his objection, Mr. Carleton submits that "[t]he issue of mistake or incomplete complaint is one I was unaware of and will refile if necessary . . . [t]hat appears to be the only effective argument for the dismissal of this case." *Id.* at 1.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and the Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further proceeding is necessary.

Although Mr. Carleton now asserts that his need to reopen the case is due to a "mistake or incomplete complaint," this is not the sort of mistake or excusable neglect contemplated by Federal Rule of Civil Procedure 60.  *See Orluk v. Verizon Communs., Inc.*, Civil Action No. 09-10798-JLT, 2010 U.S. Dist. LEXIS 91005, at *5 (D. Mass. Aug. 12, 2010) ("'a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes'") (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Yapp*, 186 F.3d at 1231 ("A 'mistake,' as referred to by Rule 60(b)(1), refers to an error 'that a party could not have protected against'") (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).  Despite Mr. Carleton's pro se status, he is required to comply with procedural rules.  *Kenda Corp., Inc. v. Pot O'Gold Money Leagues*, 329 F.3d 216, 225 n.7 (1st Cir. 2003) (pro se status does not insulate a party "'from complying with procedural and substantive law'") (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

The Court therefore AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 15) and thereby DENIES Mr. Carleton's motion to reopen the case (ECF No. 14).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2023